# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

BINA RADOSTI, *et al.*,

    Plaintiffs,

    v.

ENVISION EMI, LLC,

    Defendant.

Civil Action No. 09-887 (CKK)

## MEMORANDUM OPINION
(January 19, 2011)

    The above-captioned case is a class action that arose out of a series of youth conferences sponsored by Defendant Envision EMI, LLC ("Envision") in and around Washington, D.C. surrounding the inauguration of President Barack Obama in January 2009. The named plaintiffs in this action are Bina Radosti, Joshua Rottman, Sally Rife, Heather Kern, Zachary Johnson Burton, and Latiana Carter (collectively, the "named Plaintiffs"), who brought this action on behalf of themselves and a class of all those similarly situated alleging breach of contract, negligent misrepresentation, and violations of state consumer protection laws by Envision. After a successful mediation, the parties reached a settlement, which the Court preliminarily approved on December 17, 2009. Notice was subsequently given to all putative class members, and the Court held a fairness hearing to determine whether the settlement was fair, reasonable and adequate. On June 8, 2010, the Court issued a Final Order Approving Class Action Settlement and Dismissing Class Action with Prejudice.

    The class settlement agreement provides, *inter alia*, that each class member can receive two vouchers that may be used at future Envision programs; if the total value of vouchers

claimed is less than $8 million, the difference between the value of the vouchers claimed and $8 million shall be distributed into a class settlement scholarship fund ("*cy pres* fund") for future program attendees. The Court approved the terms of the class action settlement agreement, except for the administration of the *cy pres* fund, which the Court held in abeyance pending the expiration of the claims period. On October 29, 2010, the parties filed a [42] Joint Status Report indicating that 3437 claims had been received amounting to $4,296,250 worth of vouchers. Although the deadline for the submission of claims was October 6, 2010, the parties indicated that they would continue to accept claims received as late as November 15, 2010. On December 3, 2010, Plaintiffs filed a [44] Second Supplemental Memorandum in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards indicating that the final number of claims received and approved was 3446, with a total value of $4,307,500. The overall response rate from the class is approximately 26%. Because the value of the vouchers claimed is less than $8 million, there will be money ($3,692,500) distributed into the *cy pres* fund. The parties have agreed on a set of criteria that will govern the distribution of the *cy pres* fund. As explained below, the Court is satisfied that the parties' agreement will ensure a fair distribution of the *cy pres* fund, and therefore the Court shall grant final approval over this aspect of the class settlement.

Also pending before the Court is Plaintiffs' unopposed [25] Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards. The Court previously held this motion in abeyance, and Plaintiffs have now filed a [43] Supplemental Memorandum and [44] Second Supplemental Memorandum in support of their motion. The Court has considered the affidavits submitted by the parties and entire record herein. For the reasons explained below, the Court

shall GRANT Plaintiffs' [25] Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards.

## I. DISCUSSION[1]

*A. The Court Approves the Parties' Agreement Regarding the Class Settlement Scholarship Fund*

Because class members have claimed less than $8 million worth of vouchers, the terms of the class settlement agreement call for the establishment of a Class Settlement Scholarship Fund. The terms of the settlement agreement, as amended, call for Envision to award partial or total scholarships to academically qualified applicants seeking to attend future Envision programs. Envision is required to distribute scholarships totaling at least 15% of the amount in the Fund each year until the Fund is depleted, which must occur within seven years. Scholarships must actually be redeemed by individuals attending Envision programs in order to deplete the Fund, not just offered to applicants. Envision may, in its discretion, distribute additional scholarships totaling up to 5% of the Fund to independent, nationally recognized organizations that focus on education and/or leadership skills such as the National 4-H Council, Boy Scouts of America, and the Girl Scouts of the USA.

In its Memorandum Opinion granting final approval of the settlement agreement, the Court expressed concern that there were no standards established to govern the distribution of money from the Fund. In their Joint Status Report filed on October 29, 2010, the parties addressed this concern, explaining that they had reached further agreement as to how the

---

[1] The Court shall dispense with a recitation of the factual and procedural background of this matter, as this was thoroughly discussed in the Memorandum Opinion issued by the Court on June 8, 2010. *See* Mem. Op. (June 8, 2010), Docket No. [40].

proceeds from the Fund shall be distributed. Specifically, the parties agree that scholarships shall be awarded based on the following eligibility criteria: (1) financial need, based on household income and the cost of the program, including travel costs and other incidental expenses; (2) academic performance, including honors and awards received at the time of the application; (3) extracurricular activities; and (4) a short essay, between 300 and 500 words, on a subject relevant to the program for which the applicant seeks a scholarship. Envision also agrees to establish a Scholarship Committee consisting of at least six individuals, at least two of whom shall be selected from Envision's Parents Advisory Board, that will be responsible for awarding scholarships from the fund. The Parents Advisory Board consists of seven independent members, each of whom is a parent of a scholar who previously attended an Envision program. Information about scholarships will be published on all Envision program web sites. Envision also agrees to provide semi-annual reports to Class Counsel identifying the number of applications for scholarships received, the number and amount of scholarships awarded and redeemed, and the programs for which the scholarships were awarded.

The Court finds that this distribution plan adequately addresses the concerns previously raised by the Court and ensures that funds will be fairly distributed to future program attendees. Accordingly, the Court shall grant the request for final approval of the provisions of the settlement agreement relating to the *cy pres* fund.

  B. *Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards*

Pending before the Court is Plaintiffs' Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards. As part of the settlement agreement, Envision agreed to pay, subject to the Court's approval, a total award to Class Counsel of up to $1,455,000 inclusive of

all fees, costs, and expenses of any kind. Envision also agreed to provide $2500 to each of the six named class representatives, subject to court approval. Plaintiffs' motion seeks awards totaling these amounts.

        1.      <u>Attorneys' Fees</u>

"When awarding attorneys' fees, federal courts have a duty to ensure that claims for attorneys' fees are reasonable." *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1265 (D.C. Cir. 1993). "The usual method of calculating reasonable attorney's fees is to multiply the hours reasonably expended in the litigation by a reasonable hourly fee, producing the 'lodestar' amount." *Bd. of Trs. of Hotel & Restaurant Employees Local 25 v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir. 1998). In "rare" and "exceptional" circumstances, the lodestar amount may be adjusted by a multiplier. *Id.* (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). However, in class action cases in which the plaintiff class recovers benefits from a common fund, the favored method of calculating attorneys' fees is to award a percentage of the fund. *See Swedish Hosp.*, 1 F.3d at 1267-71. Such awards are favored because they directly align the interests of the class and its counsel and provide a powerful incentive for the efficient prosecution and early resolution of litigation. *Wells v. Allstate Ins. Co.*, 557 F. Supp. 2d 1, 6 (D.D.C. 2008) (citations omitted). Awards of between twenty and thirty percent of the common fund have been deemed reasonable. *See Swedish Hosp.*, 1 F.3d at 1272; *see also Wells*, 557 F. Supp. 2d at 6 (approving a 45% award).

This is not a true common fund case because the attorneys' fees were negotiated

separately and will not be awarded from the common fund.[2]  However, this Court has previously considered similar settlement agreements as constructive common funds and awarded fees on a percentage basis.  *See Vista Healthplan, Inc. v. Warner Holdings Co. III*, 246 F.R.D. 349, 364 (D.D.C. 2007); *Cohen v. Chilcott*, 522 F. Supp. 2d 105, 122 (D.D.C. 2007).  That approach has been followed by courts in this district based on this circuit's stated preference for percentage-of-common-fund fee awards.  *See In re Lorazepam & Cloarzepate Antitrust Litig.*, No. MDL 1290, 2003 WL 22037741, *4 (D.D.C. June 16, 2003); *In re Vitamins Antitrust Litig.*, Misc. Action No. 99-197, 2001 WL 34312839, at *4-6 (D.D.C. July 16, 2001).  Because the value of the vouchers made available to class members in the settlement was determined by the amount of money Envision was willing to spend to settle the litigation, the Court finds that it is appropriate to consider the settlement as a constructive common fund.

Because the recovery for the class is in the form of coupons, the award of attorneys' fees is also governed by 28 U.S.C. § 1712.  Pursuant to § 1712(a), "[i]f a proposed settlement in a class action provides for a recovery of coupons to a class member, the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons shall be based on the value to class members of the coupons that are redeemed."  28 U.S.C. § 1712(a).  In this case, the agreed upon award was separately negotiated and therefore was not based on the value of the coupons redeemed.  Section 1712 provides that where the value of redeemed coupons is not used to determine the fee award, "any attorney's fee award shall be based upon the amount of time class counsel reasonably expended working on the action."  28 U.S.C. § 1712(b)(1).  The statute

---

[2] The parties explained during the fairness hearing that attorneys' fees would be paid in part by Envision's insurer.  *See* Fairness Hr'g Tr. at 11-15.

explicitly contemplates application of the lodestar method with a multiplier, but it does not explicitly require that approach. *See id.* § 1712(b)(2) ("Nothing in this subsection shall be construed to prohibit application of a lodestar with a multiplier method of determining attorney's fees.") The statute does not explicitly contemplate the "constructive common fund" approach that has been applied in this district. However, the Court concludes that this approach is not prohibited by § 1712 so long as the value of redeemed coupons is used as the denominator in calculating any percentage award.

In this case, Class Counsel requests an award of $1,418,262.56 in fees, which amounts to just under 33% of the value of the coupons redeemed by the class members. In evaluating fee requests under the percentage-of-recovery method, the Court examines the following factors: (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by class members to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by class counsel; and (7) the award in similar cases. *Cohen*, 522 F. Supp. 2d at 122 (citing *Lorazepam*, 2003 WL 22037741, at *8). As the Court explained in its opinion approving the settlement, the agreement reached by the parties provides substantial benefits to the members of the class due to the amount of funds made available for the vouchers. Although several class members objected to the settlement, none of the objectors complained about the amount of the proposed award for Class Counsel. In an amicus brief, the Attorneys General of twenty-one states and the District of Columbia objected generally to, among other things, the size of the fee award as disproportionate to the recovery for the class members; however, the Court finds that the settlement provides

substantial benefits to the class members. Class Counsel have significant experience in consumer class action litigation, and the Court finds that they performed their duties ably and efficiently. The Court also notes that this case has been fairly complex since its inception, involving multiple actions with a variety of differently-situated plaintiffs, raising difficult choice-of-law questions and threatening the viability of class certification. Accordingly, these factors weigh in favor of a generous award.

The Court also finds that Class Counsel faced a significant risk of nonpayment, having taken the case on a contingency basis and expending significant resources on investigation before negotiating the settlement. Class Counsel's recovery was threatened by significant obstacles to class certification. Moreover, even if successful at trial, there were significant concerns about Envision's ability to pay a judgment. Class Counsel was able to negotiate the settlement in a relatively short amount of time. "While there was no lengthy litigation, counsel should not be penalized for achieving an effective and efficient settlement." *In re Vitamins*, 2001 WL 34312839, at *11. Finally, a 33% award is consistent with the award in other common fund cases from this district. *Id.* at *10 ("[A] one-third percentage is admittedly at the high range of recoveries, but it does fall within the fifteen to forty-five percent range established in other cases."); *see also Wells*, 557 F. Supp. 2d at 7 (approving 45% award); *Lorazepam*, 2003 WL 22037741, at *8-9 (approving 30% award). Accordingly, the Court finds that Class Counsel's request for fees is reasonable and should be approved.

The reasonableness of the fee award is bolstered by the fact that Class Counsel also obtained equitable relief in the form of the *cy pres* fund. Under 28 U.S.C. § 1712(c), if a settlement provides for equitable relief in addition to an award of coupons to class members, the

Court shall award reasonable attorneys' fees for the amount of time expended on obtaining equitable relief in addition to the percentage award based on the value of the coupons redeemed. The Court finds that it is unnecessary to separately calculate a reasonable fee award for the additional $3,692,500 in *cy pres* fund relief obtained by Class Counsel. *See Vitamins*, 2001 WL 34312839, at *6 (declining to adopt the lodestar method out of concerns that litigation over the lodestar amount would substantially prolong the litigation). However, the Court notes that this provides an additional basis for concluding that the fees requested by Class Counsel are reasonable. Therefore, the Court shall award $1,418,262.56 to Class Counsel.

2. Expenses

"In addition to being entitled to reasonable attorneys['] fees, class counsel in common fund cases are also entitled to reasonable litigation expenses from that fund." *Wells*, 557 F. Supp. 2d at 8 (quoting *Lorazepam*, 2003 WL 22037741, at *10). Class Counsel seeks reimbursement for $36,737.44 in expenses incurred during the litigation. Class Counsel has provided the Court with documentation to substantiate the majority of these expenses,[3] and the Court finds that they are the sort of expenses typically paid by clients. *See* Decl. of James J. Pizzirusso ¶ 15; Decl. of Robert F. Coleman, Ex. B; Decl. of Bernard J. DiMuro, Ex. C; Decl. of Frances J. Skinner-Lewis, Invoice. No class members objected to the award of expenses, and the award is not opposed by Envision. The Court finds that the amount of expenses in reasonable, and therefore the Court shall award $36,737.44 in expenses to Class Counsel.

---

[3] Class counsel have not provided the Court with documentation for $7,501.23 in additional expenses related to supplemental briefing, additional class notice procedures, and assistance with claims after March 16, 2010. Class Counsel have offered to submit records of these expenses for *in camera* review, but the Court finds that such review is not necessary as Class Counsel's request for additional expenses is consistent with its prior expense reports.

3. <u>Class Representative Service Awards</u>

Finally, Plaintiffs request that $2500 be paid to each of the six named Plaintiffs as an award for their service as class representatives. Such incentive awards are not uncommon in common-fund-type class actions and are used to compensate plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation. *See In re Lorazepam & Chlorazepate Antitrust Litig.*, 205 F.R.D. 369, 400 (D.D.C. 2002). Class Counsel has provided the Court with declarations from the six class representatives describing their involvement with the litigation. Each of these class representatives spent a significant amount of time (over 20 hours) working on this litigation, providing information about their experiences to Class Counsel, reviewing the legal filings, providing informal discovery, and reviewing and endorsing the settlement terms. *See* Decl. of James J. Pizzirusso ¶ 14; Decl. of Robert F. Coleman ¶ 14. The amount of the award is reasonable compared to awards in other cases. *See Wells*, 557 F. Supp. 2d at 9 (awarding $10,000 to named plaintiffs who had been deposed); *Vista Healthplan*, 246 F.R.D. at 365 (awarding $12,500 to named plaintiffs who spent over 50 hours assisting counsel). One only one class member objected to the award, and Envision does not oppose the request. Accordingly, the Court finds that the requested amount of $2500 is reasonable, and the Court shall order that Envision award $2500 to each named plaintiff.

## II. CONCLUSION

For the foregoing reasons, the Court shall grant final approval to the terms of the settlement agreement relating to the *cy pres* fund. The Court shall also GRANT Plaintiffs' [25] Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards and order that Envision pay $1,455,000 to Class Counsel for fees and expenses and $2500 to each of the six

named Plaintiffs in this action. An appropriate Order accompanies this Memorandum Opinion.

_/s/_
**COLLEEN KOLLAR-KOTELLY**
United States District Judge
